UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| RONNIE DOOLEY, THOMAS KITT, ROBERT W. JIMERSON, PHILIP BELLOTTI, BRADLEY S. SNODGRASS, STEVEN J. WOLF, CHRISTOPHER W. WOERNER and MILDRED POWELL on behalf of themselves individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD SAXTON, R. NEIL STUART, RODERICK C. WENDT, the ADMINISTRATIVE COMMITTEE OF THE JELD-WEN, INC. EMPLOYEE OWNERSHIP AND RETIREMENT PLAN, and the JELD-WEN, INC. EMPLOYEE STOCK OWNERSHIP AND RETIREMENT PLAN,<br><br>Defendants. | Case No. 1:12-CV-1207-MC (Consolidated with Case No.: 1:13-cv-00177-MC and Case No.: 3:13-cv-00395-MC) |

### ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING FORM OF NOTICE, CERTIFYING SETTLEMENT CLASS & SETTING FINAL APPROVAL HEARING

WHEREAS, a consolidated class action is pending before the Court entitled *Dooley, et al. v. Saxton, et al.*, 12-CV-1207-MC (consolidated with Case No.: 1:13-cv-00177-MC and Case No.: 3:13-cv-00395-MC); and

WHEREAS, Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Parties' Class Action Settlement Agreement dated as of January 30, 2015 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto sets forth the

terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement; and

WHEREAS, the Parties have moved the Court to certify two classes for purposes of settlement,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court does hereby preliminarily approve the Settlement Agreement and Settlement set forth therein, subject to further consideration and final approval under Fed. R. Civ. P. 23(e) at the Final Approval Hearing described below.

2. The two Settlement Classes are hereby certified for settlement purposes only:

> **The Terminated Employee Class:** (A) participants in the JELD-WEN ESOP (1) who terminated employment with JELD-WEN before November 19, 2010, (2) who were vested in the Plan at the time of their termination of employment, (3) for whom the Plan at the time of their termination provided that their benefits would be valued at the Annual Valuation Date following their termination and would accrue interest at the Local Passbook Rate and (4) to whom the 2010 ESOP Amendment was applied to their benefits; and (B) Beneficiaries of any of such Participants; and
>
> **The New Expense Class:** Participants in the JELD-WEN ESOP whose accounts in the ESOP were assessed the New Expenses after January 1, 2010 and their beneficiaries.
>
> Excluded from the Settlement Classes are the following persons: (a) Defendants Ron Saxton, R. Neil Stuart, Roderick C. Wendt, (b) the member of the ESOP Administrative Committee between 2007 and 2010, (c) the members of the Board of Directors of JELD-WEN between 2007 and 2012; (d) any person who has any beneficial interest in any of the accounts of the foregoing individuals to the extent such person is entitled to benefits under the Plan through the accounts of any of the foregoing persons as opposed to amounts in their Plan accounts based on their own employment at JELD-WEN;

a. The Court finds that the prerequisites of Rule 23 are satisfied. The numerosity element is satisfied because the Terminated Employee Class exceeds 3,300 individuals and the New Expense Class exceeds 10,400 individuals. *A.F. ex rel. Legaard v. Providence Health Plan*, 300 F.R.D. 474, 480-81 (D. Or. 2013) (more than 40 class members satisfies "rough rule of thumb" for numerosity requirement).

b. Commonality is present because the allegations arise from a common practice or course of conduct. *Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*, 188 F.R.D. 365, 373 (D. Or. 1998).

c. Typicality is met because the "claim is typical if it arises out of the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 557 (D. Or. 2009).

d. Adequacy is met because Interim Lead Plaintiff and Interim Co-Counsel will fairly and adequately represent the interests of the Settlement Classes. Neither the Class Representatives nor their counsel have any conflicts of interests of the Classes and have vigorously prosecuted this action on behalf of the Classes. *Lane v. Kitzhaber*, 283 F.R.D. 587, 600 (D. Or. 2012).

e. The requirements of Rule 23(b)(1) are met because prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct; and (B) adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members

not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

    f.  The Court further finds that the Defendants have acted or refused to act on grounds generally applicable to the Settlement Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Settlement Classes as a whole and that the requirements of Rule 23(b)(2), Fed. R. Civ. P., are satisfied.

3.  The following law firms are appointed as Co-Lead Class Counsel for the Settlement Classes: Cohen Milstein Sellers & Toll PLLC (R. Joseph Barton) and Heffner Hurst (Matthew Heffner and Matthew Hurst); and Johnson Johnson & Schaller is appointed as Liaison Class Counsel.

4.  Plaintiffs Ronnie Dooley, Thomas Kitt, Robert W. Jimerson, Philip Belotti, Bradley S. Snodgrass, Steven J. Wolf, Christopher W. Woerner, and Mildred Powell are appointed as the Class Representatives.

5.  The Court approves the "Notice of Pendency and Proposed Settlement of Class Action, Hearing on Proposed Settlement, and Attorneys' Fee Petition" (the "Class Notice").

6.  The form and content of the Class Notice fully complies with due process and Fed. R. Civ. P. 23. The court finds that the Class Notice, and the plan for distribution and publication of the Class Notice, are the best practicable and comply with the requirements of Fed. R. Civ. P. 23 and all requirements of due process.

7.  Specifically, the Class Notice describes the terms of the Settlement, instructs Class Members about their rights and options under the Settlement, adequately informs the Classes about Co-Lead Class Counsel's intentions with respect to requesting attorneys' fees and

expenses and the Class Representatives intentions to request Service Awards, and provides specific information regarding the date, time, and place of the Final Approval Hearing.

8. The proposed Second Amended Plan of Allocation, found at Docket Number 158-1, is also preliminarily approved.

9. Defendants have provided notices and materials required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Having reviewed the proposed CAFA Notice filed by Defendants, the Court finds and holds that Defendants will satisfy their obligations under CAFA upon mailing letters substantially in the form of the proposed CAFA Notice.

10. A hearing (the "Final Approval Hearing") shall be held before this Court in Courtroom 12A of the United States District Courthouse, District of Oregon, 1000 S.W. Third Avenue, Portland, Oregon 97204, at 1:30 p.m., on October 19, 2015, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, and adequate to the Settling Parties and the Settlement Classes and should be approved by the Court; whether a Judgment as provided in Section X.2 of the Settlement Agreement should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel.

11. The Court appoints Gilardi & Co. LLC to act as Settlement Administrator with the powers and responsibilities set forth in Section VII.2 of the Settlement Agreement.

12. Defendants, JELD-WEN and the JELD-WEN ESOP will provide the information required by Section VII.3 of the Settlement Agreement within the times required by the Settlement Agreement.

13. The Settlement Administrator will send the Class Notice, in a form substantially similar to the one submitted with Plaintiff's Motion for Preliminary Approval, along with the other information required by the Settlement Agreement, by e-mail to those Class Members for whom Defendants, JELD-WEN or the JELD-WEN ESOP provide email addresses and to all other Class Members by U.S. Mail by June 22, 2015. The Settlement Administrator will submit a declaration to the Court confirming its compliance with the Class Notice procedures of this Order and the Settlement Agreement by July 6, 2015.

14. Any Member of the Class may enter an appearance in the Action, individually or through counsel of their own choice, at their own expense.

15. Pending final determination of whether the Settlement should be approved, (a) all proceedings in this Action unrelated to the Settlement shall be stayed, and (b) neither Plaintiffs nor any Class Member nor Defendants, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Settling Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

16. Any submission by any Class Member as to the accuracy of their account data or any person not identified by Defendants' data as a Class Member who wishes to submit evidence establishing membership in the Class, must be postmarked no later than August 21, 2015 and should be mailed directly to the Settlement Administrator.

17. The Settlement Administrator shall complete its recommended determination(s) as to the accuracy of the account data based on the submissions by any Class Members (or potential Class Members) and submit its recommendation(s), an explanation and supporting evidence of the disputes to the Court by September 21, 2015.

18.     Any Class Member may appear at the Final Approval Hearing and show cause (if he, she or it has any) (1) why the proposed settlement of the Action should or should not be approved as fair, just, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; or (4) why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel. Any Class Member or any other Person who wishes to be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel shall file any such objections, papers, and briefs with the Clerk of the United States District Court for the District of Oregon, Medford Division, 405 East Eighth Avenue, Eugene , Oregon, 97401 by August 6, 2015 which is within forty-five (45) days of the publication and/or distribution of the Class Notice. Any Class Member or other person who fails to make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, to the Judgment, to the Plan of Allocation, to the award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court. To the extent that any objections or comments are transmitted to Settlement Administrator, or the Parties' counsel, but are not filed with the Court, those persons are hereby directed to file such objections with the Court.

19.     Any person that is not a Class Member or Co-Lead Class Counsel or Settlement Administrator shall have no right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

21.     Co-Lead Class Counsel shall file any motion for an award of attorneys' fees or reimbursement of expenses or costs and any motion for a service award for the Class Representatives by July 20, 2015.

22.     Co-Lead Class Counsel will file its motion in support of final approval of the settlement, Plan of Allocation by October 5, 2015.

23.     Neither the Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation, shall make any application for or take any position on attorneys' fees or reimbursement of expenses submitted by Co-Lead Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

24.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, the Parties shall comply with Section XVI of the Settlement Agreement.

25.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED

DATED: _May 26_, 2015

                                      _____
                                      JUDGE MICHAEL J. McSHANE
                                      UNITED STATES DISTRICT JUDGE