UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| RONNIE DOOLEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD SAXTON, *et al.*,<br><br>Defendants. | Case No. 1:12-CV-1207-CL<br>(Consolidated with Case No.: 1:13-cv-00177-CL and Case No.: 3:13-cv-00395-CL)<br><br>**CLASS ACTION UNDER ERISA** |

**DECLARATION OF STEVEN J. WOLF**

I, Steven J. Wolf, declare under penalty of perjury of the laws of the United States:

1. I am an adult over the age of eighteen. I am one of the named plaintiffs in the above-captioned consolidated litigation challenging the 2010 amendment and new expenses and have been appointed as one of the class representatives.

2. I am a former employee of Jeld-Wen and a current participant in the Jeld-Wen ESOP. I began working for Jeld-Wen in 1984, and worked from 1985 to 2007 as a manager of various Jeld-Wen facilities. I became a participant in the Jeld-Wen ESOP on July 9, 1984. At the time of my separation from employment with Jeld-Wen in 2007, I was a fully vested participant in the ESOP, having accumulated 24 years of vesting credits.

3. As of December 31, 2007 (the December 31 following my separation from employment with JELD-WEN), my total accrued benefit under the Regular Company Contribution Account and my Tax Credit Employer Contribution Account was approximately $630,000.

4. As a result of the 2010 amendment, my benefits under the Regular Company Contribution Account and my Tax Credit Employer Contribution Account were approximately

Exhibit 7

$360,000 less than if the 2010 ESOP amendment had not been implemented by the Administrative Committee and my benefits had been determined and valued in conformity with the terms of the Plan in effect at the time of my termination.

5. I contacted Cohen Milstein Sellers & Toll PLLC ("CMST") after I was notified that there was a potential lawsuit regarding the 2010 amendment to the Jeld-Wen, Inc. ESOP. When I retained CMST in December 2012, I executed a retainer agreement which provided that my attorneys could request up one-third of any recovery.

6. If my attorneys had not been willing to take this suit on contingency and advance the cost of litigation, I would not have filed this suit due to cost of prosecuting this case.

7. I understand that my attorneys are requesting an award of 30% of the recovery, and I support their request.

8. In total, I estimate that I have spent over 100 hours assisting in this litigation.

9. I have read a number of pleadings filed in this case, including the consolidated amended complaint.

10. In August of 2013, I participated in the mediation by telephone. I was willing to attend the mediation in person, but it was decided for purposes of reducing expense that one of the clients represented by Cohen Milstein would attend in person and the others would attend by telephone. It was agreed that Bob Jimerson would be the person to attend in person.

11. I participated in at least 11 conference calls, totaling approximately 20 hours. For the majority of these calls, the other participants were Robert Jimerson, Bradley Snodgrass, Phillip Bellotti, Joseph Barton, and Bruce Rinaldi.

12. I have sent, received and responded to numerous emails requiring dozens of hours.

Exhibit 7

13. I reviewed numerous drafts of the settlement term sheet as well as multiple drafts of the settlement agreement. During the settlement negotiations, I communicated with my attorneys concerning the acceptable final number for the Settlement Amount whether to settle and provided numerous comments on the terms of the settlement.

14. I estimate that I have spent approximately 80 additional hours reviewing documents (including various settlement related documents), organizing and sending documents to Class Counsel for review.

The foregoing is true and correct to the best of my knowledge and belief.

Executed on July 16, 2015 at Meadowview, VA

Steven J. Wolf