UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| RONNIE DOOLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD SAXTON, *et al.*, <br><br> Defendants. | Case No. 1:12-CV-1207-CL <br> (Consolidated with Case No.: 1:13-cv-00177-CL and Case No.: 3:13-cv-00395-CL) <br><br> **CLASS ACTION UNDER ERISA** |

### DECLARATION OF BRADLEY S. SNODGRASS

I, Bradley S. Snodgrass, declare under penalty of perjury of the laws of the United States:

1. I am an adult over the age of eighteen. I am one of the named plaintiffs in the above-captioned consolidated litigation challenging the 2010 amendment and new expenses and have been appointed as one of the class representatives.

2. I am a former employee of JELD-WEN and a current participant in the JELD-WEN ESOP. I began working for JELD-WEN as a Group Manager in 1989 at their Stayton Oregon Window plant. I became a participant in the JELD-WEN ESOP on October 1, 1989. I left the Company in 1994 and returned in 1999, to assume the position of Regional Door Sales Manager for the Pacific Northwest. I worked as a manager in window and door sales for JELD-WEN, until I terminated my employment in 2007. At the time of my separation from employment with JELD-WEN, I was a fully vested participant in the ESOP, having accumulated 15 years of vesting credits.

3. As of December 31, 2007 (the December 31 following my separation from employment with JELD-WEN), my total accrued benefit under the Plan (i.e., the combined

Exhibit 8

balance of all the Participant Accounts maintained for the Plaintiff by the Administrative Committee before the crediting of any future interest credits), was valued at $299,702.49.

4. As a result of the 2010 amendment, my benefits under the Plan were approximately $87,400 less than if the 2010 ESOP Amendment had not been implemented by the Administrative Committee and my benefits had been determined and valued in conformity with the terms of the Plan in effect at the time of my termination.

5. I contacted Cohen Milstein Sellers & Toll PLLC ("CMST") after I was notified that there was a potential lawsuit regarding the 2010 Amendment to the JELD-WEN, Inc. ESOP. When I retained CMST at the beginning of this litigation, I executed a retainer agreement which provided that my attorneys could request up to one-third of any recovery.

6. If my attorneys had not been willing to take this suit on contingency and advance the cost of litigation, I would not have filed this suit due to cost of prosecuting this case.

7. I understand that Class Counsel is requesting an award of 30% of the recovery, and I support their request.

8. I estimate that I have spent approximately 100 hours of time serving as a Plaintiff in this litigation. That time includes collecting, reviewing, and making copies of documents related to my JELD-WEN employment and ESOP account and transmitting them to class counsel.

9. In August of 2013, I participated in the mediation by telephone. I was willing to attend the mediation in person, but it was decided for purposes of reducing expense that one of the clients represented by Cohen Milstein would attend in person and the others would attend by telephone. It was agreed that Bob Jimerson would be the person to attend in person.

Exhibit 8

10. I have participated in many discussions with Co-Lead Class Counsel and the other named plaintiffs regarding the case, including participating in approximately 10 conference calls with Co-Lead Class Counsel. For the majority of these calls, the other participants were Robert Jimerson, Steve Wolf, Phillip Bellotti, Joseph Barton, and Bruce Rinaldi. In these calls I helped confirm the veracity of documentation sent by the defendants, discussed mediations between the parties, contributed to strategy discussions, and discussed settlements. Additionally, I sent, received, or was otherwise numerous emails between August 2012 and May 2015.

11. I have also spent time corresponding with the JELD-WEN ESOP directly regarding my ESOP accounts, including time spent making a Claim for Benefits, and appealing the denial of that claim.

12. During the course of the litigation, I spent an additional 25-30 hours reviewing documents to prepare court filings and reviewing those filings prior to their submittal, including the complaint, and documents provided during discovery, numerous drafts of the settlement term sheet as well as multiple drafts of the settlement agreement.

The foregoing is true and correct to the best of my knowledge and belief.

Executed on JULY 16, 2015 at CANBY, OREGON

_____
Bradley S. Snodgrass

Exhibit 8